UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY OLSON, as guardian ad litem for
LORRAINE OLSON,

    Plaintiff,

v.

ALTERRA HEALTHCARE CORPORATION,
a Delaware corporation, d/b/a Alterra Clare
Bridge of Puyallup, d/b/a Brookdale Senior
Living, Inc.,

    Defendant.

Case No. C08-5506FDB

ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL
ARBITRATION AND STAY
PROCEEDINGS

    Defendant moves to compel arbitration and to stay proceedings for the reason that when Lorraine Olson was admitted to Defendant's senior living facility (Alterra), her son Larry Olson, on Lorraine Olson's behalf, signed a residency agreement that contained an arbitration clause that covers any and all claims or controversies arising out of or relating to the residency agreement or to Lorraine Olson's stay at Alterra. The Agreement provides that any such claim must be submitted to binding arbitration.

    Plaintiff, nevertheless, filed this lawsuit alleging breach of contract, intentional infliction of emotional distress and violation of the Vulnerable Adult Statute. Plaintiff opposes the motion to compel arbitration arguing that it is substantively unconscionable because it requires the resident to waive important statutory rights, it waives rights to attorney's fees, it limits liability on non-economic damages, there are certain discovery limitations, is one-sided as to court access over certain disputes, and it requires the resident to pay half the arbitration costs. Plaintiff argues that the arbitration clause is procedurally unconscionable because there was lack of meaningful choice when the agreement was

ORDER - 1

1  presented. Plaintiff argues that the arbitration clause should be voided in its entirety because the
2  unconscionable provisions "taint" the entire agreement.

3  Having reviewed the parties' contentions and authorities, and the parties' submissions in
4  support of their arguments – including the Residency Agreement and the arbitrations provisions
5  therein, the Court concludes that the arbitration provisions in the Agreement are enforceable for the
6  following reasons.

7  First, the Agreement at issue contains a severability provision providing that should any parts
8  of the Agreement be found to be invalid, the validity of the other parts of the Agreement will not be
9  affected. (Huber Decl. Ex. A. P. 21) Washington courts enforce such severability clauses. *See, e.g.,*
10 *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 359, fn 14 (2004).

11 The Arbitration Agreement does not preclude, but expressly permits Plaintiff to pursue claims
12 for "tort or breach of statutory duties." To the extent that the arbitration provision at
13 V(A)(6)(i)(11), providing for a division of fees and costs, contradicts Section V(A)(1) allowing
14 various claims for damages whether statutory, compensatory, or punitive to be submitted to binding
15 arbitration conflicts, the effect of the may be stricken by the arbitrator.

16 Plaintiff's claim of procedural unconscionability in the circumstances surrounding the
17 execution of the agreement lacks merit. In several places in the Alterra Residency Agreement, Larry
18 Olson placed his initials over the statement: "Please initial as having read and understood the above
19 provision." He placed his initials over a statement that he had "read and understood the provisions
20 of section V., subsection A, " the arbitration provision, and he did so as to subsection B, the
21 limitation of liability provision and subsection C, the benefits of arbitration and limitation of liability
22 provisions. Something more is surely required for these provisions to be set aside, otherwise, the
23 initials indicating that one has read and understood something become meaningless. Most courts
24 have rejected arguments, such as Plaintiffs, that arbitration clauses are unconscionable adhesion
25 contracts. *See, Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 898 (2001). Moreover, the Court
26 ORDER - 2

agrees that Section V(A)(1) or the Arbitration Agreement states: "[a]ny and all clause or controversies ... including disputes regarding interpretation of this Agreement ... shall be submitted to binding arbitration." Thus, any factual issue that Plaintiff has regarding formation of the contract may be resolved by the arbitrator. Also, any evidence that the fee-splitting provision makes arbitration prohibitively expensive, or whether the exception for indigent residents applies, is a question for the arbitrator.

Regarding the limitation of liability provision, an additional indication on the form stated: *"Read Carefully Before Signing."* Defendant argues that RCW 70.129.105 provides that no long-term care or nursing facility shall "require or request" residents to sign such waivers. Defendant points out that Plaintiff states that there was no discussion about any limitation of liability provision. This is another question that Plaintiff may raise with the arbitrator. The question as to discovery procedures and any contradiction with RCW 7.04A.170(2) and.040(2)(a) is also for the arbitrator.

Finding that the arbitration provisions do not shock the conscience and are not overly harsh, the arbitration provisions are enforceable, and the motion to compel arbitration must be granted.

ACCORDINGLY, IT IS ORDERED:

1. Defendant's Motion To Compel Arbitration and To Stay Proceedings [Dkt. # 6] is GRANTED, this cause of action is STAYED, and the parties are Ordered to resolve this matter in binding arbitration as required by the arbitration agreement.

2. The parties are ORDERED to advise the Court promptly upon resolution of this matter.

DATED this 23rd day of September, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3